UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7: 15-MC- 5 -JG

*In re* OCEANIC ILLSABE LTD, as Owner, *
and OCEANFLEET SHIPPING LTD, *
as Operator of the M/V OCEAN HOPE *
                                   *    In Admiralty
          Petitioners. *
                                   *

## VERIFIED EMERGENCY PETITION FOR AN ORDER AUTHORIZING DEPOSITIONS TO PERPETUATE THE TESTIMONY OF THE DETAINED CREW OF THE M/V OCEAN HOPE PURSUANT TO FED. R. CIV. P. 27 AND FED R. CRIM. P. 15

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW**, through undersigned counsel, Petitioners OCEANANIC ILLSABE LTD., as Owner, and OCEANFLEET SHIPPING LTD, as Operator (hereinafter collectively "Petitioners" or "Owner and Operator") of the M/V OCEAN HOPE, to petition this Honorable Court by way of this emergent application for an Order authorizing depositions to perpetuate the testimony of eight (8) foreign seamen, each of whom is presently being detained in the District by the government. Each previously worked on board the M/V OCEAN HOPE (hereinafter the "Vessel"). This Petition is made pursuant to FED. R. CIV. P. 27 to preserve the witnesses' testimony for use in future administrative, civil, and/or criminal proceedings the United States government will pursue against the Petitioners and/or a civil action which the Owner and/or Operator may file against the United States. Petitioners further seek to compel and preserve the testimony of the crewmembers under FED. R. CRIM. P. 15.

## REQUEST TO SHORTEN TIME PURSUANT TO Fed R. Civ. P. 6(c)(1)(C)

Petitioners have notified the United States of their intention to file the within petition. Simultaneously with filing, the Petitioners have forwarded a copy to the attorneys' representing the government in its ongoing dealings with Petitioners. Those attorneys are Shane Waller and Brendan Selby of the United States Department of Justice, Environmental Crimes Section and Banumathi Rangarajaran of the Office of the United States Attorney for the Eastern District of North Carolina.

Federal Rule of Civil Procedure 27(a)(2) provides that after the petition is filed, the Petitioners shall serve the petition in the manner prescribed by Rule 4 at least 21 days before "the hearing." Counsel for the government is fully familiar with the facts and circumstances of this matter. The Court may set a different time to respond for "good cause." For the reasons more fully stated below, Petitioners request that the time for the government to respond to the pending motion be shortened and that an emergency hearing be set forthwith by this Honorable Court. The government is fully familiar with the relevant facts. The witnesses are foreign citizens of Romania and the Philippines that have been detained by the government in the district for approximately three (3) months and all have been repeatedly interviewed by the government.

## JURISDICTION

This Court has jurisdiction over the present matter as the relief sought by the Petitioners is the pre-suit deposition of foreign national seafarers for contemplated administrative, civil, or criminal actions which the Petitioners do not have the ability to initiate. The Respondent is the United States of America and therefore jurisdiction is proper pursuant to 28 U.S.C. § 1491. In addition, this Court is vested with jurisdiction pursuant to the admiralty and maritime jurisdiction of the Court, 28 U.S.C. § 1333.

## BACKGROUND AND FACTS

1. The M/V OCEAN HOPE is an ocean going general cargo ship built in 1996, which arrived at the Port of Wilmington, North Carolina on or about July 14, 2015, to discharge cargo.

2. During the Vessel's call at Wilmington, officers of the United States Coast Guard, boarded the vessel on July 15, 2015 to inspect the Vessel.

3. On July 16, 2012, the Coast Guard issued a Port State Control Report, which among other alleged deficiencies, identified a purported deficiency with the vessel's Oil Record Book ("ORB"). The Coast Guard required the deficiencies to be corrected to the satisfaction of the Vessel's Flag State Administration (Liberia) and the Coast Guard, prior to the Vessel's departure from Wilmington. *See* **EXHIBIT A**, a true and complete copy of the July 16, 2015 Port State Control Report.

4. During the inspection, several members of the Coast Guard and the Coast Guard Investigative Services ("CGIS")[1], attended onboard the Vessel during July 15-16, 2015 to conduct an expanded MARPOL investigation, seize documents and evidence from the vessel, and interviews of crewmembers.

5. On July 17, 2015, the U.S. Coast Guard issued a letter stating, in pertinent part, that the U.S. Coast Guard was detaining the Vessel and her crew, by requesting the United States Customs and Border Protection Agency (hereinafter "CBP") to withhold the Vessel's customs clearance on the allegation that "the M/V OCEAN HOPE, IMO #9147617, its owner, operator, or person in charge, or crewmember(s) may be subject to a fine or civil penalty" for a suspected

---

[1] "The Coast Guard Investigative Service is a federal law enforcement agency whose law enforcement authority is derived from Title 14 of the United States Code. This authority provides for Coast Guard special agents to conduct investigations of actual, alleged or suspected criminal activity; carry firearms; execute and serve warrants; and make arrests." *See* http://www.uscg.mil/hq/cg2/cgis/, accessed October 12, 2015.

3

violation of MARPOL[2] and the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901, *et seq. See* **EXHIBIT B**, a true and complete copy of the Coast Guard's letter dated July 17, 2015, (emphasis added).

6. The Coast Guard's letter further provided that the Vessel would remain detained for the duration of the investigation into the suspected violations, unless clearance was granted "upon providing surety satisfactory to the Secretary." *See* **EXHIBIT B**.

7. Upon information and belief, at or about the same time, the matter was referred by the Coast Guard and accepted by the U.S. Department of Justice for a criminal prosecution.

8. In order to obtain the release of the Vessel and to continue to cooperate with the government's investigation, Petitioners entered into a purported "Agreement on Security" with the United States. *See* **EXHIBIT C**, a true and complete copy of the July 22, 2015 Agreement on Security.

9. In accordance with the Agreement, the Petitioners have posted security in the form of a USD 500,000.00 surety bond to cover any penalty (administrative or civil) or criminal fine.

10. The government identified and detained ten (10) crew members from the Vessel (for an indefinite period of time). Specifically, the following crewmembers were identified by the government for detention in the Eastern District of North Carolina: Captain Dumitru Tabacaru, Chief Engineer Rustico Ignacio, Chief Officer Ian Roy Sobremisana, Second Engineer Cassius Samson, Third Engineer Vincente Rey Menente, Fourth Engineer Charlie Sarduma, Wiper Anthony Reyes, Bosun Reynaldo Punay, Oiler Clark Erwin Villar, and Oiler Reynaldo Villegas. *See* **EXHIBIT C**.

---

[2] The 1973 Convention for Prevention of Pollution from Ships, 12 I.L.M. 1319, and the Protocol of 1978 Relating to the International Convention for the Prevention of Pollution from Ships, 17 I.L.M. 546, together with their respective Annexes are collectively referred to as MARPOL.

4

11. A day later on July 23, 2015, the government requested that Fitter Ronald Belleza be substituted in to the agreement and Chief Officer Ian Roy Sobremisana be allowed to depart. A copy of the July 23, 2015 Addendum to the Agreement on Security is attached hereto as **EXHIBIT D**.

12. At or about the same time that negotiations were taking place for an Agreement on Security, Grand Jury subpoenas were being sought and obtained by AUSA Banumathi Rangarajan of the U.S. Attorney's Office for the Eastern District of North Carolina.

13. On July 18, 2015, the Special Agents from the CGIS attended on board the Vessel to serve the Chief Officer, Third Engineer, Fourth Engineer, Bosun, Fitter, Oilers, and Wiper with subpoenas to testify before a grand jury during the period of July 28-30, 2015.

14. Although not expressly so stated, each of the crewmembers identified by the Coast Guard is either a material witness to or target of the pending Grand Jury investigation, or otherwise has pertinent information to share for both civil and criminal proceedings which must be preserved in the interests of justice.

15. All of the aforementioned former crewmembers of the M/V OCEAN HOPE are seafarers and foreign nationals, which this Court only has jurisdiction over while the crewmembers are in the jurisdiction.

16. The government has now advised that the continued presence of Mr. Reynaldo Punay in the Eastern District of North Carolina is no longer needed by the United States. *See* **EXHIBIT E**, a true and correct copy of the Letter from U.S. Department of Justice dated October 8, 2015.

17. Prior to Mr. Punay's departure from the Eastern District of North Carolina and the United States of America, Petitioners seek an Order from this Honorable Court authorizing the deposition of Mr. Punay so as to perpetuate testimony for future use in an expected action in the

5

Eastern District of North Carolina. Mr. Punay (along with the other nine (9) seafarers) has been held in a foreign country for over three (3) months and wishes to leave.

18. Given the circumstances, in accordance with Rule 27 of the Federal Rules of Civil Procedure[3], Petitioner seeks to "perpetuate" Mr. Punay <u>and</u> other crewmembers' testimony.

19. In addition and alternatively, Petitioners seek the deposition of Mr. Punay and the other material witness crewmembers pursuant to Federal Rule of Criminal Procedure 15, so that their testimony may be preserved for use in future criminal proceedings should the seafarers not be available at the time of trial.

20. Petitioners request that this Petition for an order authorizing the taking of depositions to preserve their testimony of the aforementioned crewmembers be handled on an emergency basis and that the Court conduct a hearing, by telephone or otherwise, at the earliest possible time to decide the matter.

## POINT I

### IT IS WELL ESTABLISHED THAT RELIEF UNDER RULE 27 IS APPROPRIATE IN THESE CIRCUMSTANCES

21. In *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975), the Third Circuit Court of Appeals stated that "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Similarly, in *Penn Mut. Life Ins. Co. v. U.S.*, 68 F.3d 1371, 1374-75 (1995), the D.C. Circuit Court of Appeals stated that Rule 27 requires "that a petitioner demonstrate an immediate need to perpetuate testimony." *See also* Fed. R. Civ. P. 27 (advisory committee notes) ("This rule offers a simple method of *perpetuating* testimony"

---

[3] Rule 27(a)(1) provides that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. . . ."

6

(emphasis added); 4 James W. Moore, *et al.*, *Moore's Federal Practice and Procedure* ¶ 27.09 (2d ed. 1996); 8 Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 2072 (2d ed. 1994).

22. In a squarely analogous matter, United States Magistrate Judge Rich considered the exact issue of whether FED. R. CIV. P. 27 could be used to take the deposition of a foreign seafarer to perpetuate his testimony for possible use in future criminal, administrative, or civil proceedings that the government could assert against identically situated petitioners. *In re Blow Wind Shipping Ltd.*, 267 F.R.D. 32 (D. Me. 2010). A copy of the Magistrate Judge Rich's decision in *Blow Wind* is attached as **EXHIBIT F**.

23. In *Blow Wind*, petitioners sought to take the deposition of a Ukrainian seafarer who had been detained in Maine for two (2) months under virtually identical circumstances: *to wit*, a Captain of the Port Order, a Coast Guard detention letter, an Agreement on Security concluded between the United States and the owner and operator of the detained vessel, and a material witness warrant issued by the Court. After the government authorized the crewmember's departure from the District of Maine, petitioners promptly moved pursuant to FED. R. CIV. P. 27 for an Order authorizing petitioners to take his deposition to perpetuate his testimony for possible use in future criminal, administrative or civil proceedings.

24. Magistrate Judge Rich was persuaded by the petitioners' arguments that they, as targets of the government's investigation, sought "to preserve what they anticipate will be exculpatory testimony." *Id.* at 35.

25. In reaching his decision, Magistrate Judge Rich relied on the decision of the late District Judge Gignoux, who had previously addressed the same issue of the ability to utilize FED. R. CIV. P. 27 wherein petitioners were subject to potential civil and/or criminal proceedings. *See In re Hawkins*, 1973 U.S. Dist. LEXIS 13666, 1973 WL 561 (D. Me. 1973).

7

26. In that case, the petitioners Alvin and Alice Hawkins were the subject of potential civil and criminal tax fraud deficiencies. The Petitioners sought to perpetuate the testimony of Mr. Arthur Hupper in order to obtain records and testimony relating to the financial transactions between him and the petitioners during the years under investigation. *See id.*, 1973 WL 561 at *1.

27. The government objected, *inter alia*, that the petition was an improper attempt by petitioners to utilize a civil discovery procedure to circumvent criminal discovery rules. *See id.*, 1973 WL 561 at *2.

28. In granting the petition, Judge Gignoux properly found that the requested deposition was a proper utilization of the rule and not an attempt to obtain evidence that they would not be entitled to under the criminal discovery rules. *See Id.*, 1973 WL 561 at *3.

29. Here, Petitioners are not seeking discovery with the instant application. Rather Petitioners are seeking the preservation of evidence believed to be exculpatory from a person designated and detained by the government as a witness for three (3) months and now being released without explanation by the government from *de facto* detention. *See* EXHIBIT E.

30. As more fully set forth below, Petitioners submit that special circumstances require the ordering of depositions pursuant to FED. R. CIV. P. 27, as Petitioners are seeking to preserve critical evidence from the crew of the M/V OCEAN HOPE, foreign seamen who once they leave this jurisdiction and this country, there will not be a process to compel their return for any future proceedings.

### POINT II

### THE REQUEST FALLS SQUARELY WITHIN FED. R. CIV. P. 27

31. Federal Rule of Civil Procedure 27(a) provides in pertinent part, the following:

8

(a) Before an Action is Filed.

(1) *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

32. For the reasons more fully set forth below, this petition falls within the requirements of Rule 27.

### (A) This request falls squarely under Rule 27(a)(1)(A)

33. Either one or both of the Petitioners are the targets of a pending investigation being conducted by the United States government. Both are clearly subjects and both have been advised by the government that they may be subject to a fine or penalty in future criminal or civil proceedings. *See* **EXHIBIT B**, Detention Letter from USCG Commander J.S. Dufresne, dated July 17, 2015.

34. As any civil or criminal action for an alleged violation of U.S. law must be brought by the government of the United States, Petitioners are not permitted to commence such an action.

9

Moreover, Petitioners do not have the ability to compel the government to commence any of the aforementioned proceedings.

35. As such, Petitioner has demonstrated that it expects to be a party to an action cognizable in a United States Court, but cannot presently bring it or cause it to be brought. *See* FED. R. CIV. P. 27(a)(1)(A).

### (B) This request falls squarely under Rule 27(a)(1)(B)

36. The government has indicated that an investigation is ongoing relating to a possible record keeping violation by Petitioners under the Act for the Prevention of Pollution from Ships ("APPS"), 33 U.S.C. § 1901, *et. seq. See* **EXHIBIT B** and **EXHIBIT D**.

37. One or both of the Petitioners may reasonably expect to be a defendant in any potential administrative, civil, or criminal proceeding brought by the government.

38. Petitioners have an interest in perpetuating testimony from Mr. Punay and the other detained crewmembers of the M/V OCEAN HOPE in order to preserve and protect the rights and defenses which may be available to Petitioners in any action(s) which may be commenced by the government and/or any recovery action pursuant to 33 U.S.C. § 1904(h) to be pursued by Petitioners.

### (C) This request falls squarely under Rule 27(a)(1)(C)

39. Mr. Punay is a citizen of the Philippines. He was a bosun (*i.e.* the supervisor of the deck crew able body seamen and ordinary seamen) who worked and lived aboard the M/V OCEAN HOPE at the time the Vessel was detained.

40. As a crewmember aboard the Vessel during the time of the alleged violations, Mr. Punay will be able to provide first-hand witness testimony.

41. After detaining Mr. Punay for nearly three (3) months, the government has stated that he may be released immediately and has provided a cursory assessment of what the government "believes" Mr. Punay could offer. Specifically, that "Mr. Punay did not work in the engine department and was not responsible for any pollution prevention equipment aboard the vessel" and that he "was not responsible for sounding storage tanks aboard the vessel or recording those measurements into an Oil Record Book." *See* **Exhibit F**. However, the government was aware of all of this information on July 16, 2015 at the time that Mr. Punay would have been interviewed onboard the Vessel.

42. Notwithstanding, even the government admits that Mr. Punay has favorable, exculpatory testimony which Petitioners have the right to seek to preserve, specifically that he "never saw any bypass of pollution prevention equipment aboard the vessel, any hoses or flanges used to bypass the equipment, or the hoses and flanges seized by the Coast Guard in this case." *Id.*

43. In addition, the government's recitation of the believed area of information that Mr. Punay could offer is incomplete. There have been absolutely no allegations of any misconduct by Petitioners. Rather, civil or criminal liability, if any is based on vicarious liability if (and only if), the crewmembers were acting: 1) within the course and scope of their employment, and 2) with the intent to benefit their employer. *See United States v. Ionia Mgmt. S.A.*, 526 F. Supp. 2d 319 (D. Conn. 2007) (citing *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 660 (2d Cir. 1989)).

44. The Petitioners expect to obtain and preserve relevant and exculpatory testimony from Mr. Punay, including *inter alia*, Petitioners' rules, training programs, required practices and procedures, and his first hand, eye-witness account of shipboard practices and crewmember

11

actions; all of which are extremely necessary, relevant, and admissible testimony for Petitioners, which otherwise would be lost.

45. In addition, the other crewmembers from the M/V OCEAN HOPE (who have not been identified as targets by the government), *i.e.* Captain Tabacaru, Third Engineer Menente, Fourth Engineer Sarduma, Wiper Reyes, Oiler Villar, Oiler Villegas, and Fitter Belleza, are also foreign citizens whose testimony can (and should) be preserved by deposition so that they may be permitted to return to their home countries without further delay by the government.

46. All of the aforementioned crewmembers worked and lived aboard the M/V OCEAN HOPE in the weeks and months leading up to the vessel's call at Wilmington, North Carolina and/or during the Coast Guard's inspections of the vessel.

47. As crewmembers living and working aboard the Vessel during the time of the alleged violations, these individuals will be able to provide first-hand witness testimony.

48. Petitioners expect to obtain and preserve relevant testimony from the aforementioned crewmembers. Specifically, it is expected that each will be able to testify knowledgeably concerning the Petitioners' rules, training programs, required practices and procedures and their first hand, eye-witness account of shipboard practices and crewmember actions. In addition, they will testify about vessel operations, the engine room, and specifically, the Vessel's pollution control equipment, including its oily water separator and incinerator, and corresponding record keeping practices.

49. The need to take these depositions immediately arises from the fact that the crewmembers who have been detained for three (3) months (and will continue to remain detained for an indefinite period of time), would be free to leave and depart the Eastern District of North Carolina and the United States once their testimony is preserved.

12

50. Accordingly, Petitioner wishes to perpetuate the crewmembers' testimony before they leave the United States of America. Once these crewmembers, all of whom are foreign nationals, depart the United States, there will be no compulsory process available to require them to return to testify in an anticipated action.

51. All of the crewmembers are seafarers and foreign nationals, who may not be available to appear in a timely manner and/or available (and/or willing) to return the United States of America in the future to provide witness testimony.

52. Accordingly, the perpetuation of the crewmembers' testimony "may prevent a failure or delay of justice." FED. R. CIV. P. 27(a)(3).

53. It is imperative that the aforementioned crewmembers' testimony be perpetuated to prevent it from being lost once any of them depart the United States of America. *See Ash v. Cort*, 512 F.2d 909, 911 (3rd Cir. 1975); *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943) (holding that Rule 27 applies "to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately").

54. In short, without preserving this testimony, Petitioners will be unable to properly protect their rights and assert all applicable defenses in a future civil or criminal action.

### (D) This request falls squarely under Rule 27(a)(1)(D)

55. The adverse party in the anticipated action(s) is the United States of America, through the Department of Justice, and/or the U.S. Coast Guard, or any other agency of the government.

### (E) This request falls squarely under Rule 27(a)(1)(E)

56. As stated above, the requested deponents are former crewmembers of the M/V OCEAN HOPE.

13

57. The aforementioned crewmembers are temporarily residing in the District and are currently residing at local hotels in the Wilmington, North Carolina area.

58. It is anticipated that the substance of the crewmembers' testimony will relate to their first hand knowledge of the shipboard procedures and practices on board the M/V OCEAN HOPE prior to the Vessel's arrival at Wilmington, North Carolina.

### POINT III

### THIS COURT SHOULD ALSO ORDER DEPOSITIONS PURSUANT TO FED. R. CRIM P. 15

59. For the reasons more fully set forth in the accompanying memorandum of law, this Court should order depositions of the material witness crewmembers from the M/V OCEAN HOPE to proceed on an expedited basis in accordance with Fed. R. Crim. P. 15.

60. In addition, the government regularly requests and is granted, the same relief under Fed. R. Crim. P. 15 under nearly identical circumstances. *See e.g.*, *United States v. Kiselov*, 4:07-CR-9-F3, (E.D.N.C., April 9, 2007); *In re Material Witnesses Eduardo Lobusta, et al.*, Mag. No. 2005-051, (D. of V.I., St. Croix, 2005).

### POINT IV

### THIS COURT SHOULD EXERCISE ITS EQUITABLE DISCRETION IN THIS MATTER, INCLUDING BY RESOLVING THE MATTER AS QUICKLY AS POSSIBLE

61. The Supreme Court has recognized that, "[e]quity is no stranger in admiralty; admiralty courts are, indeed authorized to grant equitable relief." *Vaughan v. Atkinson*, 369 U.S. 527, 530

14

(1962) (citing *Swift & Co. v. Compania Caribe*, 339 U.S. 684, 691 – 92 (1950)). In *Swift & Co.*, the Supreme Court stated: "[w]e find no restriction upon admiralty by chancery so unrelenting as to bar the grant of any equitable relief even when the relief is subsidiary to issues wholly within admiralty jurisdiction." 339 U.S. at 691 – 92. Petitioners respectfully request that this Court exercise its equitable discretion to issue an Order authorizing the depositions of the aforementioned crewmembers in order to perpetuate their testimony in accordance with Rule 27[4].

62. Petitioners also respectfully request under the Court's inherent authority and under Federal Rule of Civil Procedure 6, 7 and 27 and Local Rules 1.1(b) and (d) that the Court consider and act on this Petition at the earliest possible time, given the time that these men have already served aboard ship, the itinerant nature of their work, the foreign locations of their homes, and the fact that no harm could possibly be done to the United States by allowing the Petitioners the opportunity to preserve the testimony of these crewmembers.

## CONCLUSION

WHEREFORE, Petitioners request that this Honorable Court grant this emergent application for an Order authorizing the Depositions to Perpetuate the Testimony of the aforementioned crewmembers of the M/V OCEAN HOPE, currently in the Eastern District of North Carolina, pursuant to FED. R. CIV. P. 27 and FED. R. CRIM. P. 15. Petitioners further requests any and all further relief which the Court deems just and proper under the circumstances.

Dated: Wilmington, North Carolina
October 13, 2015

CLARK, NEWTON & EVANS, P.A.

Local Rule 83.1 Counsel for Petitioners
OCEANIC ILLSABE LTD,

---

[4] In fact, the very purpose of Rule 27 is that it was designed in order to conform with existing equity practice and modern statutes. *See Notes of Advisory Committee on Rules*, FED. R. CIV. P. 27.

15

and OCEANFLEET SHIPPING LTD

_____
Seth P. Buskirk
NC Bar No. 36664
509 Princess St.
Wilmington, NC 28401
Telephone: (910) 762-8743
Facsimile: (910) 762-6206
spb@clarknewton.com

- and -

CHALOS & CO, P.C.

s/ George M. Chalos
George M. Chalos
NY State Bar No. 2901031
*ECF Application Pending*
Attorneys for Petitioners
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone:   (516) 714-4300
Facsimile:   (516) 750-9051
Email: gmc@chaloslaw.com

## VERIFICATION

SETH P. BUSKIRK, being duly admitted to practice before the Courts of this State, affirms the following as true under penalties of perjury, as follows:

I am local counsel of record for Petitioners in the above-captioned action and am authorized to make this Verification. I have read the Verified Petition, and know the same to be true based upon conversations with Petitioners' attorneys at CHALOS & CO, P.C., particularly George M. Chalos. Mr. Chalos gained his knowledge from first-hand interactions with the Respondent, the United States of America, and the review of documents and information from Petitioners.

This Verification is executed by me, pursuant to Local Civil Rule 7.1(h) and Local Admiralty Rule E(7), because Petitioners do not maintain its offices within the Eastern District of North Carolina. Furthermore, there is no reason to believe that the underlying facts will be contested as the documents relied upon in support of the present application are government prepared documents.

As to matters alleged upon information and belief, I verily believe same to be true.

Dated: Wilmington, NC
October 14, 2015

Seth P. Buskirk

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2015, I arranged for a copy of the foregoing pleading to be served via e-mail to:

*Attorneys for United States of America*

    Shane N. Waller
    Environmental Crimes Section
    U.S. Department of Justice
    Shane.waller@usdoj.gov
    Brendan Shelby
    Brendan.shelby@usdoj.gov

    Banu Rangarajan
    United States Attorneys' Office
    Eastern District of North Carolina
    Banu.rangarajan@usdoj.gov

    Captain Casey Chmielewski
    Fifth Coast Guard District
    431 Crawford Street
    Portsmouth, VA 23704
    E-mail: Casey.l.chmielewski@uscg.mil

*Attorneys for Chief Engineer Ignacio*

    Patrick M. Brogan
    Davey & Brogan, P.C.
    pbrogan@daveybroganpc.com

*Attorneys for Second Engineer Samsun*

    William Norton Mason
    bill@williammasonlaw.com

*Attorneys for Third Engineer Menente*

    Chris Locascio
    Federal Public Defender
    Chris_locascio@fd.org

*Attorneys for Fourth Engineer Sarduma*

    Bruce Mason
    Mason & Rutherford
    bruce@masonrutherfordlaw.com

18

*Attorneys for Oiler Villegas*

> Daniel Johnson
> Willis Johnson & Nelson PLLC
> daniel@wjnpllc.com

*Attorneys for Oiler Villar*

> Jimbo Perry
> Perry, Perry, & Perry
> jimbo.perry@yahoo.com

*Attorneys for Fitter Belleza*

> Damon Chetson
> dchetson@gmail.com

*Attorneys for Bosun Punay*

> Jason Brenner
> Balbrenner, P.C.
> info@balbrenner.com

*Attorneys for Wiper Reyes*

> Geoff Hosford
> Hosford & Hosford, P.C.
> ghosford@att.net

_____
Seth P. Buskirk