# EXHIBIT F

Caution
As of: October 13, 2015 3:14 PM EDT

## *In re Blow Wind Shipping Ltd.*

United States District Court for the District of Maine

April 21, 2010, Decided; April 21, 2010, Filed

Misc. No. 10-114-P-JHR

**Reporter**
267 F.R.D. 32; 2010 U.S. Dist. LEXIS 39530

In re BLOW WIND SHIPPING LTD., and LEMISSOLER SHIPMANAGEMENT, LTD.

### Core Terms

deposition, perpetuate, discovery, petitioners'

**Counsel:** [**1] For BLOW WIND SHIPPING LTD, LEMISSOLER SHIPMANAGEMENT LTD, In Re: BRITON P. SPARKMAN, CHALOS & CO, P.C., OYSTER BAY, NY; EDWARD S. MACCOLL, THOMPSON, BULL, FUREY, BASS & MACCOLL, LLC, P.A., PORTLAND, ME; GEORGE MICHAEL CHALOS, CHALOS & CO, P.C., OYSTER BAY, NY.

For USA, Respondent: F. TODD LOWELL, OFFICE OF THE U.S. ATTORNEY, DISTRICT OF MAINE, BANGOR, ME.

For VADYM FOKIN, Interested Party: GEORGE T. DILWORTH, DRUMMOND WOODSUM, PORTLAND, ME.

**Judges:** John H. Rich III, United States Magistrate Judge.

**Opinion by:** John H. Rich III

### Opinion

[*33] *ORDER AUTHORIZING DEPOSITION TO PERPETUATE TESTIMONY*

The petitioners, Blow Wind Shipping Ltd. and Lemissoler Shipmanagement, Ltd., ask this court to issue an order under Fed. R. Civ. P. 27 authorizing them to take the deposition of Vadym Fokin in order to perpetuate his testimony for possible use in future criminal, administrative, or civil proceedings that the government may assert against either or both of them. Verified Emergency Petition for an Order Authorizing Deposition to Perpetuate the Testimony of Vadym Fokin Pursuant to Federal Rule of Civil Procedure 27 ("Petition") (Docket No. 1) at 1.

### Factual Background

Vadym Fokin is a member of the crew of the *M/V MARGIT GORTHON* and a citizen [**2] of Ukraine. He has been detained in Maine since early February 2010, subject to the terms of a Captain of the Port Order; a Coast Guard detention letter; an agreement among the United States, Blow Wind, the owner of the vessel, and Lemissoler, the operator of the vessel and Fokin's employer; and, since March 11, 2010, a material witness warrant issued by this court. The government has indicated that it does not object to Fokin's motion to discharge the warrant as to him, Docket No. 1-5, and the petitioners immediately thereafter filed the instant petition to take his deposition. I have entered an order discharging the material witness warrant as to Fokin as soon as the issue raised by this petition is resolved.

### Discussion

Rule 27 of the Federal Rules of Civil Procedure, entitled "Depositions to Perpetuate Testimony," provides, in relevant part:

Jonathan Chalos

Page 2 of 4

267 F.R.D. 32, *33; 2010 U.S. Dist. LEXIS 39530, **3

**(a) Before an Action Is Filed.**

**(1)** *Petition*. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order [**3] to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

> **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> **(B)** the subject matter of the expected action and the petitioner's interest;
>
> **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> **(E)** the name, address, and expected substance of the testimony of each deponent.

\* \* \*

**(3)** *Order and Examination*. If satisfied that perpetuating the testimony may present a failure or delay of justice, the [*34] court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories.

\* \* \*

**(c) Perpetuation by an Action.** This rule does not limit a court's power to entertain an action to perpetuate testimony.

Fed. R. Civ. P. 27.

The government objects to the petition because, [**4] it contends, the petitioners purport to seek civil discovery when all that is currently pending in this district concerning them is a criminal investigation, and as to which the target of an investigation is not entitled to discovery. Government's Objection to Verified Emergency Petition for an Order Authorizing Deposition to Perpetuate the Testimony of Vadym Fokin ("Objection") (Docket No. 11) at 5-10. The government's position is severely undermined, however, by its expressed lack of objection to the release of Fokin from the material witness warrant pursuant to which he has remained in the district, and its expressed belief in other, related proceedings that Fokin has no information of value to the criminal investigation.

In addition, despite the petitioners' last-minute assertion that they are in fact entitled to "pre-indictment discovery," Reply to Government's Objection to Verified Emergen[cy] Petition for an Order Authorizing Deposition to Perpetuate the Testimony of Vadym Fokin (Docket No. 12) at 6, I have already indicated to counsel verbally that I will not grant the petitioners' request for "all memoranda, agent notes of interviews, as well as all other materials relative [**5] to the overall investigation and Mr. Vadym Fokin that is currently in the government's possession." Petition at 9. That request clearly makes the requested deposition into an instrument to obtain discovery not otherwise available to the petitioners in a potential criminal proceeding, and nothing in *In re Grand Jury Proceedings, MC No. 09-84, 2010 U.S. Dist. LEXIS 90835, 2010 WL 1038206 (D.R.I. Mar. 19, 2010)*, the only authority cited on this point by the petitioners, persuades me otherwise.

In that case, the government sought permission under a rule of criminal procedure to take the depositions of potential witnesses who were

Jonathan Chalos

Page 3 of 4

267 F.R.D. 32, \*34; 2010 U.S. Dist. LEXIS 39530, \*\*5

terminally ill before it had obtained indictments against the targets of its investigation. *2010 U.S. Dist. LEXIS 90835, [WL] at \*1*. The language of *Fed. R. Crim. P. 15* differs from that of Fed. R. Civ. P. 27. After extensive exploration of the history of the criminal rule, the judge in that case held that the rule did not prohibit pre-indictment depositions of potential witnesses. *2010 U.S. Dist. LEXIS 90835, [WL] at \*8*. The court did order the government, which, again, was the party seeking to take the depositions, to make full disclosure to the targets of its pending investigation "which would be disclosed in the usual course under *Fed. R. C[r]im. P. 16* [\*\*6] including any and all *Brady* and *Jencks* statements[,]" *2010 U.S. Dist. LEXIS 90835, [WL] at \*11*, but there was no discussion of its reasons for doing so, and the fact that the government was seeking the depositions easily distinguishes that case from this, in which the targets of the investigation seek to preserve potentially exculpatory testimony.

The government cites *Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962)*, and *In re Application of Eisenberg, 654 F.2d 1107 (5th Cir. 1981)*, in support of its opposition. In *Eisenberg*, the petitioner sought permission to take the deposition of an agent of Scotland Yard whom the petitioner believed to have been conducting surveillance of him at the request of the United States government in connection with a pending grand jury investigation in Houston. *Id. at 1109-10*. The agent was expected to leave the jurisdiction of United States courts within several months. *Id. at 1110*. The trial court eventually denied the request based on evidence submitted by the United States *in camera* which the court found to be "probative of the government's allegation that foreign relations would be impaired by discovery." *Id. at 1111*. The government has not suggested any similar matter [\*\*7] of sensitivity that is imperiled in this case.

In *Campbell*, the plaintiffs in a civil action for a tax refund asked the court to order the government to produce reports of IRS agents who had investigated them for tax [\*35] fraud, an investigation that was not yet concluded. *307 F.2d at 480*. Finding that "[i]t is a fair inference from the record that the filing of the suit for a refund, or at least the filing of the motion for discovery, was a tactical maneuver to enable the taxpayer to gain advance information on the criminal case," *id. at 483*, the Fifth Circuit held on appeal that "the taxpayer failed to show good cause for the order of discovery issued in this case." *Id. at 490*. I find no such ulterior motive, at least now that the petitioners' request for documentary discovery has been denied, in this case. The petitioners seek to preserve what they anticipate will be exculpatory testimony.

Both sides of this dispute discuss the decision of the late Judge Gignoux of this court in *In re Petition of Alvin K. Hawkins and Alice L. Hawkins to Perpetuate the Testimony of Arthur Hopper, Misc. No. 309, 1973 U.S. Dist. LEXIS 13666, 1973 WL 561 (D. Me. May 11, 1973)*. The Internal Revenue Service was then considering both civil [\*\*8] and criminal proceedings against the petitioners for the years 1968, 1969, and 1970. *1973 U.S. Dist. LEXIS 13666, [WL] at \*1*. The potential deponent had records of purchases made by him from one of the petitioners during the three years at issue, copies of which had been provided to the government. *Id.* The potential deponent would not give the records to the petitioners and the government would not permit them to inspect its copies. *Id.* Judge Gignoux directed that the deposition go forward unless the government made its copies available for inspection within 30 days. *Id.*

Finding *Campbell*, which had been cited by the government, "plainly distinguishable," Judge Gignoux rejected a contention that the petitioners were attempting to circumvent limitations of the rules of criminal procedure to obtain evidence to which they would otherwise not be entitled. *1973 U.S. Dist. LEXIS 13666, [WL] at \*2-\*3*. The court did note in passing that neither a criminal nor a

Page 4 of 4

267 F.R.D. 32, *35; 2010 U.S. Dist. LEXIS 39530, **8

civil proceeding was then pending, *1973 U.S. Dist. LEXIS 13666, [WL] at \*2*, but the existence of a criminal investigation in the instant matter is not determinative. Instead, Judge Gignoux relied on the facts that the documents sought by the petitioners were "not confidential government memoranda or investigative reports . [**9] . . work products [or] Jencks Act materials." *1973 U.S. Dist. LEXIS 13666, [WL] at \*3*. I have specifically barred the petitioners in the case at hand from obtaining such materials. Of all the case law cited by the parties, *Hawkins* is the closest on its facts to the instant case and thus most instructive.

The petitioner's request is presented in sufficient detail under Rule 27.

The government's final volley is a request "that the Court order that the Petitioners be required to further specify the facts that they will establish and order that the deposition be limited to testimony on those facts." Objection at 12. I decline this invitation to narrow the scope of the deposition in advance. Should the petitioners ever attempt to use the deposition at trial, or for any other purpose, the government will be able at that time to present any and all objections to such use, including that the deposition was somehow wrongly used by the petitioners. As is the case with every other deposition, if material disputes arise during the deposition, the parties may seek a ruling from the court at the time.

In addition, as I informed counsel at our recent conference, the transcript of this deposition will be sealed and impounded by the [**10] court pending any request for its use, and the parties reserve their rights with respect to any possible use of the transcript. Docket No. 9 at 2.

**Conclusion**

For the foregoing reasons, the petition to authorize the deposition of Vadym Fokin in order to perpetuate his testimony is **GRANTED**, but only if the deposition is completed on or before May 17, 2010, and with the proviso that the petitioners' request for discovery of documents or any materials other than Mr. Fokin's testimony is **DENIED**. The transcript of the deposition will be sealed upon its creation and impounded by the court pending any request for its use. To the extent that the petitioners' motion for an emergency hearing on the petition (Docket No. 4) remains outstanding, it is **DENIED**.

Dated this 21st day of April, 2010.

/s/ John H. Rich III

John H. Rich III

United States Magistrate Judge

Jonathan Chalos