IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY
7:15-MC-5-JG

| | | |
|---|---|---|
| In re OCEANIC ILLSABE LTD, as Owner, and OCEANFLEET SHIPPING LTD, as Operator of the M/V OCEAN HOPE | ) ) ) ) | **ORDER** |

This case comes before the court on the verified emergency petition ("the petition") (D.E. 1)) by Oceanic Illsabe Ltd., Owner of the M/V Ocean Hope, and Oceanfleet Shipping Ltd., Operator of the M/V Ocean Hope (collectively "petitioners") to authorize depositions to perpetuate the testimony of eight foreign crewmembers of the M/V Ocean Hope pursuant to Fed. R. Civ. P. 27 and/or Fed. R. Crim. P. 15. A hearing was held on the petition on 19 November 2015 with counsel for petitioners, the government, and many of the proposed deponents. (*See* D.E. 25). For the reasons set forth below, the relief requested in the petition will be allowed in part and denied in part.

## BACKGROUND

The facts underlying the petition are not disputed. On 15 July 2015, the vessel M/V Ocean Hope ("Vessel") was detained by the Coast Guard at the Port of Wilmington, North Carolina for suspicion of violations of MARPOL and the Act to Prevent Pollution from Ships, 33 U.S.C. § 1901, et seq. (Pet. ¶¶ 2, 3, 5, 6). The Coast Guard and petitioners entered into an "Agreement on Surety" ("surety agreement") (D.E. 1-3) which allowed for the release of the Vessel conditioned on petitioners' cooperation with the government investigation and agreement to provide reasonable lodging, per diem meal allowance, healthcare coverage, and total wages for crewmembers remaining in the district. (Sur. Agree. ¶ 3). Petitioners also posted a

$500,000.00 surety bond "as security for any adjudicated potential fines or penalties for the [alleged] offenses . . . and to ensure performance of this Agreement." (Sur. Agree. ¶ 1; *see* Pet. ¶ 9). In exchange, the government requested departure clearance for the vessel and agreed "to take reasonable measures to expedite the investigation." (Sur. Agree. ¶ 4).

On 8 October 2015, the government notified petitioners that it intended to release bosun Reynaldo Punay ("Punay"). (Pet. ¶ 16). Petitioners objected to Punay's release and filed the instant petition to depose and obtain testimony from Punay prior to his release, as well as the testimony of the other detained crewmembers.

## DISCUSSION

As noted, petitioners seek to depose Punay and the other crewmembers pursuant to Fed. R. Crim. P. 15 and Fed. Civ. P. 27. The court will address each rule separately below.

The court agrees with the government that Fed. R. Crim. P. 15 is inapplicable at the present time. Rule 15(a) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a). The Fourth Circuit in *United States v. McHan*, 101 F.3d 1027 (4th Cir. 1996), held that Rule 15 may be invoked only by a party to a criminal proceeding. 101 F.3d at 1038 ("Because, in this case, McHan had not yet been indicted or charged when Cunningham testified before the grand jury, Rule 15 was not an available avenue for preserving Cunningham's testimony."). Here, petitioners have not been charged or indicted with any crime, and consequently, relief pursuant to Rule 15(a) is not available to them.

Nor is relief available pursuant to Rule 15(b). Subsection (b) of Rule 15 provides that "[a] witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a

2

written motion and giving notice to the parties." Fed. R. Crim. P. 15(b). None of the crewmembers have requested such relief, notwithstanding that they are all represented by counsel, nor have petitioners demonstrated that they have standing to request such relief on the crewmembers' behalf.

Turning to Fed. R. Civ. P. 27, Rule 27(a) provides for obtaining depositions before an action is filed:

> (1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). Where the court is satisfied that the requested deposition "may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." *Id.* (a)(3); *see also In re Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999) ("'Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost.'" (quoting *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975))); *In re Petition of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) ("[P]etitioners must make an

3

objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed.").

Here, the court finds that as to the crewmembers other than Punay, petitioners have not demonstrated that conducting the requested depositions now may prevent a failure or delay of justice. The other crewmembers remain in the district and will continue to remain in the district unless the government releases them pursuant to the surety agreement. There has been no evidence presented that any of the remaining crewmembers have asked to leave or present any risk of flight. Accordingly, there is no immediacy warranting their depositions at this time and the petition as to them under Rule 27 will be denied.

As to Punay, however, the court finds that a deposition is warranted. He has been released by the government and, according to information presented at the hearing, intends to return to his home country. At the hearing, the government proposed several terms for the deposition, to which petitioners expressly or effectively agreed. The court will accordingly allow the petition as to Punay pursuant to Rule 27(a) on the terms proposed by the government, as set out below.

## CONCLUSION

For the reasons set forth above, the petition is ALLOWED in part and DENIED in part on the following terms:

1. The petition is ALLOWED as to Punay pursuant to Fed. R. Civ. P. 27.

2. The deposition of Punay shall be subject to the following terms:

a. the deposition shall be conducted by 14 December 2015 on a date and at a time and location mutually convenient to counsel for petitioners, counsel for the government, and counsel for Punay, provided that all such counsel may agree to a later date;

b. counsel for petitioners shall notify counsel for the crewmembers other than Punay of their right to be present at the deposition;

c. except as otherwise agreed by counsel for petitioners and counsel for the government, the subject matter of Punay's deposition shall be limited to: (i) Punay's pre-joining training on Vessel policies and petitioners' safety management system ("SMS") for this particular contract, his review of the Vessel's SMS and policies before signing on to the Vessel, and his familiarization training from the Chief Officer once onboard the Vessel; (ii) petitioners' rules, training programs, required practices and procedures, and his firsthand, eyewitness account of shipboard practices and crewmember actions; and (iii) information concerning whether all crewmembers knew that there was a "zero tolerance" policy onboard the Vessel for any unauthorized discharge of any prohibited material overboard and whether he observed or was aware of any improper discharge overboard.[1]

d. petitioners and counsel for petitioners shall separately certify that all crewmembers have been paid the full compensation to which they are entitled pursuant to the surety agreement prior to the start of the deposition.

3. The petition is in all other respects DENIED. The denial is without prejudice to petitioners seeking similar relief in the future in the event of a change of relevant circumstances, including but not limited to extended delay in the commencement of criminal proceedings arising from the events at issue.

---

[1] These are the topics specified by petitioners in their supplemental memorandum. (*See* Supp. Mem. (D.E. 11) 12).

5

Case 7:15-mc-00005-JG Document 26 Filed 11/23/15 Page 5 of 6

This 23rd day of November 2015.

                                                James E. Gates  
                                                United States Magistrate Judge